# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Pollard

September 27, 1996

Case No. (Law) CL960282

BY JUDGE ALFRED D. SWERSKY

In this forfeiture action, claimant has filed a motion to bar the use of testimony from any person whose identity the Commonwealth has not disclosed in discovery. The motion is based upon an interrogatory requesting the names and addresses of all persons with information relevant to the case.

The Commonwealth refused to identify several confidential citizen and criminal informants relying upon the so-called confidential informant's privilege.

Claimant argues that the assertion of the privilege would preclude the calling of any witness who was not identified, interviewed, and investigated by claimant prior to trial. At oral argument, claimant added that she was entitled to the names in advance of trial to interview the "informants" to determine if they could furnish information favorable to her and adverse to the Commonwealth.

The motion will be granted in part and denied in part.

Since claimant's property rights are at stake in this action, her rights to due process of law must be considered. At the same time, the Commonwealth's right to protect its confidential informants must be respected. This privilege, for purposes of balancing the respective interests, is less rigorous than in criminal cases, but the claimant must demonstrate a genuine need for disclosure in advance. Recognizing the dilemma that claimant faces in making such a showing, there has been nothing shown here more

than the mere hope that, upon identification and interview, the informant may furnish some helpful information. This required need has not been shown, and the Court will not order the Commonwealth to disclose the names in advance.

However, if the Commonwealth is going to call any of the unidentified informants at trial, the names and addresses must be furnished to claimant in time for their depositions to be taken and other discovery or investigation carried out.

The Commonwealth, in its response, has requested that the Court rule admissible the hearsay statements of these informants. The Court will decline to rule in advance, since the purpose for which the evidence would be offered and any earmarks of its reliability would be factual matters to be resolved by the trial judge.